21385

The STATE, Respondent, ex rel., THE TIMES AND DEMOCRAT, the Greeneville News; The Evening Post; The State; WIS-TV; WCSC-TV; WDIX-Radio; and Joyce Milkie, Defendants, of whom The Times and Democrat; The Greenville News; The Evening Post; The State; WCSC-TV and WIS-TV are Appellants.

(274 S. E. (2d) 910)

*Harris A. Marshall, Jr.,* Orangeburg, *for appellant The Times and Democrat.*

*David L. Freeman, Wyche, Burgess, Freeman & Parham,* Greenville, *for appellants The Greenville News* and *WIS-TV.*

*D. A. Brockinton, Jr., Brockinton & Brockinton,* Charleston, *for appellant The Evening Post.*

*Thomas S. Tisdale, Jr., Young, Clement, Rivers & Tisdale,* Charleston, *for appellant WCSC-TV.*

*William L. Pope, Robinson, McFadden, Moore & Pope,* Columbia, *for appellant The State.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kenneth P. Woodington, Kay G. Crowe* and *Russell D. Ghent,* Columbia, *for respondent.*

January 27, 1981.

LEWIS, Chief Justice:

Appellants, members of the news media (both newspaper and television) were adjudged in contempt of court for publishing the name of a juvenile, who was the subject of a family court action, in violation of certain provisions of Section 14-21-30, South Carolina Code of Laws, 1976. The relevant portions of this section prohibit the publication of the name or picture of any child under the jurisdiction of the Family Court. The pertinent language of the statute at the time herein applicable, is as follows:

The name or picture of any child under the jurisdiction of the court shall not be made public by any newspaper, radio or TV station, except as authorized by order of the court, nor shall the fingerprints of any child be taken without an order from the judge.

Appellants contend that these statutory prohibitions violate the First and Fourteenth Amendments of the United States Constitution by prohibiting the news media from publishing, without the permission of the Family Court, the name or picture of any child under the court's jurisdiction. We conclude that the statutory provisions in question violate appellants' First Amendment rights; and reverse.

The material facts are not in dispute. Two youths were killed in Santee, South Carolina. The next day, The Times

and Democrat sent a reporter to the crime scene to investigate the slayings. While there, the reporter observed the youth, whose name and picture is the subject of this action, in the custody of police. She took a picture of the youth while she was standing nearby. No objection was made. The story and the picture were thereafter released to one news wire service, while only the picture was released to the other since it had acquired the story from another source. The remainder of the appellants found in contempt received the information through these wire services and published the name, the photograph or both.

Subsequently, the lower court held contempt proceedings because of the provisions of Section 14-21-30 and the contempt powers conferred by Section 14-21-650. The proceedings were dismissed as to appellant WCSC-TV because it accomplished no publication. All of the remaining appellants were found in contempt; however, a sanction was imposed only against appellant, The Times and Democrat, since the trial judge found that only its publication caused prejudice.

The ability of the State to prevent the publication by a newspaper of the name of a juvenile offender was recently considered in *Smith v. Daily Mail Publishing Co.*, 443 U. S. 97, 99 S. Ct. 2667, 61 L. Ed. 2d 399. As indicated by the Court in *Smith*, the State may not punish a newspaper for the publication of truthful information, lawfully obtained, about a matter of public significance, except when necessary to further a State interest of the highest order

The State concedes the lawfulness of the acquisition of the information, but seeks to avoid the holding of *Smith, supra*, by arguing it has shown more State interests than the mere anonymity of the offender to further his rehabilitation, which was the sole interest advanced in *Smith*. It therefore concludes that the case is not dispositive since additional State interests are here at stake. We

disagree as we are aware of no interest of the State or the juvenile which is sufficient to withstand the mandate of the First Amendment when there is an attempt to prevent, because of the youthfulness of the alleged offender, the truthful publication of lawfully obtained information about a juvenile charged with a crime.

We therefore hold that the provisions of Section 14-21-30 are unconstitutional insofar as they prevent the truthful publication by the media of information lawfully obtained concerning a juvenile charged with a crime.

The contempt citations herein are reversed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.