THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Adrian Hammond, Appellant,
 
 

v.

 
 
 
 
 Gerald and Kimpson,
 LLC, Milton Kimpson, and Dennis M. Gerald, Respondents.
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2009-UP-594
 Heard December 10, 2009  Filed December
16, 2009
Withdrawn, Substituted and Refiled  March
4, 2010

AFFIRMED

 
 
 
 Adrian Hammond, pro se, of Columbia, for
 Appellant.
 Dennis Gerald and Milton Gary Kimpson, both
 of Columbia, for Respondents.
 
 
 

PER CURIAM: Adrian Hammond appeals the
 trial court's dismissal of his legal malpractice claim against Dennis M.
 Gerald, Milton Kimpson, and Gerald and Kimpson, LLC (collectively Respondents).  We affirm.
FACTS
In January of 1994, at the
 age of sixteen, Hammond was indicted for murder and assault.  Approximately one
 year later, Hammond hired Respondents to pursue a negligence action against
 Knight-Ridder, Inc. for publishing his name and identity in violation of section
 20-7-780 of the South Carolina Code.[1] 
 Hammond filed suit in January 1997; however, a year later the trial court
 dismissed the case, finding (1) in State, ex rel., The Times & Democrat,
 276 S.C. 26, 274 S.E.2d 910 (1981), the South Carolina Supreme Court found
 identical language in another statute unconstitutional; (2) in 1993 the Office
 of the Attorney General opined section 20-7-780 was unconstitutional; and (3)
 section 20-7-780 was repealed on July 1, 1996.[2] 
 Shortly thereafter, Respondents informed Hammond no further legal action was
 available because section 20-7-780 had been repealed.  
On September 28, 2002,
 Hammond learned Knight-Ridder declined to publish the names of two South
 Carolina juveniles charged with murder.  Subsequently, Hammond discovered
 section 20-7-8510(B) of the South Carolina Code contained language
 substantially similar to section 20-7-780 and felt section 20-7-8510(B)
 provided him with recourse against Knight-Ridder.[3] 
 On September 28, 2005, Hammond filed a legal malpractice action, pro se,
 against Respondents, alleging failure to research other avenues of recovery,
 investigate the existence of other defendants, and investigate other instances
 of publication.  However, Hammond failed to serve his summons and complaint on Respondents. 
 Hammond subsequently filed a purported amended complaint on January 12, 2006. 
 Hammond served the summons and amended complaint on Gerald on January 20, 2006,
 and Kimpson on February 9, 2006.[4]  
Respondents moved to dismiss
 Hammond's action and for summary judgment.  The trial court noted Hammond
 should have known of his claim in December of 1997 when his case against
 Knight-Ridder was dismissed, and therefore held Hammond failed to commence his
 action within the three-year statute of limitations.  The trial court also
 found Hammond failed to state facts sufficient to constitute a cause of action
 for legal malpractice noting he failed to show section 20-7-8510(B) provided
 him a private cause of action.  Ultimately, the trial court granted the motions
 to dismiss.  This appeal followed.
LAW/ANALYSIS
Hammond alleges Respondents
 were negligent in failing to bring an action against Knight-Ridder under
 section 20-7-8510(B).  We disagree.  
In this case, Hammond failed
 to state facts sufficient to support a cause of action because no evidence
 supports the proposition that Hammond is of the class of persons section
 20-7-8510(B) is designed to protect. See Rayfield v. S.C. Dep't of
 Corrs., 297 S.C. 95, 103, 374 S.E.2d 910, 914 (Ct. App. 1988) (stating
 an appellant must demonstrate "(1) that the essential purpose of the
 statute is to protect from the kind of harm the plaintiff has suffered; and (2)
 that he is a member of the class of persons the statute is intended to protect"). 
Section 20-7-8510(B) provides:
 "The name, identity, or picture of a child under the jurisdiction of the
 [family court], . . . must not be provided to or made public by a newspaper or
 radio or television station except as authorized by order of the [family
 court]."  In this regard, section 20-7-6605(1) defines a child as "a
 person less than seventeen years of age" but specifically excludes from
 such definition "a person sixteen . . . or older who is charged with . . .
 a felony which provides for a maximum term of imprisonment of fifteen years or
 more."[5] 
 Thus, as Hammond was sixteen years of age at the time of his indictment for
 murder, which carries a mandatory minimum sentence of thirty years'
 imprisonment, Hammond is not within the class of persons sought to be protected
 by section 20-7-8510(B).  See S.C. Code Ann. § 16-3-20(A) (Supp. 2008) ("A
 person who is convicted of or pleads guilty to murder must be punished by
 death, by imprisonment for life, or by a mandatory minimum term of imprisonment
 for thirty years").[6] 
 Therefore, the trial court properly granted Respondents' motion to dismiss.
Accordingly, the ruling of
 the trial court is
Affirmed.
Short, Thomas, and Konduros, JJ.,
 concur.

[1]   At the time of publication, section 20-7-780
 provided: "The name, identity or picture of any child under the
 jurisdiction of the [family court], . . . shall not be made public by any
 newspaper, radio or television station except as authorized by order of the
 [family court]."  
[2]   Section 20-7-780 was repealed on July 1, 1996, by
 1996 Act No. 383, § 2.  
[3]  On
 July 1, 1996, the same day section 20-7-780 was repealed by 1996 Act No. 383, §
 2, section 20-7-8510(B) was enacted by 1996 Act No. 383, § 1, and provided:
 "The name, identity, or picture of a child under the jurisdiction of the
 [family court], . . . must not be provided to or made public by a newspaper or
 radio or television station except as authorized by order of the [family
 court]."  Section 20-7-8510(B) has been revised by 2000 Act No. 388, § 4,
 and the above language was deleted.  Section 20-7-8510 is now section
 63-19-2020 of the South Carolina Code (Supp. 2008). 
[4] The record does not indicate whether Gerald and
 Kimpson, LLC was served.
[5] This definition is now found at section 63-19-20(1)
 of the South Carolina Code (Supp. 2008).
[6] As to Hammond's additional allegations that Respondents
 were negligent in failing to investigate other defendants and other instances
 of publication, we agree with the trial court that Hammond should have been
 aware of these claims at the time his original claim was dismissed, and are
 therefore barred by the statute of limitation.  See S.C. Code Ann. §
 15-3-535 (2005) (making the limitations period for a legal malpractice claim
 begin to run when the person "knew or by the exercise of reasonable
 diligence should have known that he had a cause of action").  We need not
 address the remaining issues on appeal. See Futch v. McAllister
 Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999)
 (stating an appellate court need not review remaining issues when its
 determination of a prior issue is dispositive of the appeal).